**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AKHMED BEKHOEV, | Case No. 5:26-cv-00206-RAO |
| Petitioner, | |
| v. | **ORDER GRANTING IN PART AMENDED PETITION FOR WRIT OF HABEAS CORPUS** |
| DAVID MARIN, *et al.*, | |
| Respondents. | |

## I.      INTRODUCTION

This matter comes before the Court on Petitioner Akhmed Bekhoev's ("Petitioner") First Amended Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Amended Petition") against Pamela Bondi, Attorney General of the United States; Kristi Noem, Secretary, U.S. Department of Homeland Security; U.S. Department of Homeland Security; Todd M. Lyons, Acting Director of Immigration and Customs Enforcement ("ICE"); and David Marin, Warden, Adelanto Detention Center (collectively, "Respondents").  Dkt. No. 8 ("FAP").

On March 11, 2026, Respondents filed an Answer to the Amended Petition ("Answer").  Dkt. No. 15 ("Ans.").  Petitioner filed a Reply to Respondents' Answer to his Amended Petition for Writ of Habeas Corpus ("Reply") on April 2, 2026.  Dkt.

No. 17.

On April 15, 2026, the matter was assigned to the undersigned for final disposition after the parties filed their joint consent. *See* Dkt. Nos. 20–23.

Petitioner filed a Notice of Changed Circumstances and Request for Expedited Consideration on April 22, 2026. Dkt. No. 24.

For the following reasons, the Amended Petition is GRANTED IN PART.

## II.    BACKGROUND

### A.    Factual Background

Petitioner is a native and citizen of Russia. *See* FAP ¶ 13. Petitioner fled Russia to escape political persecution. *See id.* ¶ 14. On July 20, 2023, Petitioner entered the United States, and the government detained him upon entry. *Id.* ¶¶ 13–15; Reply Ex. A. On July 21, 2023, the government released Petitioner on parole under 8 U.S.C. § 1182(d)(5)(A). *Id.*; Reply at 8.

Petitioner alleges that he complied with all conditions of his parole since the government released him. FAP ¶ 15. While on parole, Petitioner worked for a moving company, for Amazon, and then obtained his Commercial Driver's License. *Id.*

In February 2025, ICE contacted Petitioner and requested that he attend a check-in with ICE in Los Angeles. *Id.* After Petitioner explained that he could not attend the requested check-in because he was in another state, the ICE officer agreed to postpone Petitioner's ICE check-in. *Id.*

On March 4, 2025, at Petitioner's check-in with ICE, Respondents revoked his parole and re-detained him. *Id.* Petitioner alleges that he did not receive notice or a pre-detention hearing before the government re-detained him. *See id.* ¶¶ 15, 16–19; Reply at 7.

Petitioner filed a Petition for Asylum prior to his re-detention. FAP ¶ 15. Petitioner's parole terminated on July 18, 2025. *See* Reply at 8; Reply Ex. A.

Petitioner is currently detained by ICE at the Adelanto ICE Processing Center within this District.[1]  Petitioner alleges that on May 6, 2025, he was attacked by a group of approximately six detainees in Unit 3B at the Adelanto ICE Processing Center, who kicked him repeatedly in the head, face, and spine.  *See* FAP ¶ 15. Petitioner has suffered from persistent head and back pain, and the Adelanto medical department has only provided pain medication as a remedy.  *Id.*  Respondents denied Petitioner's requests for a diagnostic examination.  *Id.*

Petitioner's counsel explains that "[he] has recently communicated with Petitioner and has learned that his head and back pain have not improved and, by Petitioner's account, have worsened."  Dkt. No. 24 at 2.

### B.    Procedural Background

On January 16, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus ("Original Petition").  Dkt. No. 1.  Included in the Original Petition were materials unrelated to Petitioner.  *See id.*  The same day, Petitioner filed a Motion for Temporary Restraining Order.  Dkt. No. 2.  Petitioner attached a Motion for Appointment of Counsel to his Motion for Temporary Restraining Order.  *See id.* at 45–49.

On January 20, 2026, the Court denied Petitioner's Motion for Temporary Restraining order because he failed to comply with the pertinent procedural requirements.  Dkt. No. 4.  The same day, the Court also referred the Original Petition to the Office of the Federal Public Defender ("FPD").  *Id.*  However, the FPD filed a Notice of No Intent to Appear on February 3, 2026.  Dkt. No. 6.

On January 28, 2026, Petitioner filed a Motion to Resubmit because the Original Petition contained materials from another person's case.  Dkt. No. 7.  In his Motion to Resubmit, Petitioner attached a Petition for Writ of Habeas Corpus related

---

[1] The publicly available ICE records reflect that Petitioner is currently detained by ICE at the Adelanto ICE Processing Center within this District.

only to his claims. *Id.* On February 5, 2026, the Clerk of the Court docketed a corrected petition—the First Amended Petition for Writ of Habeas Corpus. *See* FAP The Court granted the Motion to Resubmit on February 18, 2026, and the Court therefore deemed the Amended Petition the operative petition. Dkt. No. 9.

In the Amended Petition, Petitioner contends his current detention violates the Fifth Amendment's Due Process Clause and the Administrative Procedure Act, and that Respondents acted ultra vires in violation of the *Accardi* doctrine. *See* FAP ¶¶ 34–79. Petitioner requests, *inter alia*, that the Court order his immediate release. *Id.* at 23–24.

On February 18, 2026, the Court issued an initial order setting a briefing schedule. Dkt. No. 10. Respondents filed and served their Answer on March 11, 2026. On March 23, 2026, Petitioner's counsel filed a Notice of Appearance. Dkt. No. 16.

Petitioner could file a Reply within twenty-one days after service of the Answer. *See* Dkt. No. 10. Accordingly, Petitioner's reply was due on April 1, 2026. *See* Dkt. Nos. 10, 15. Petitioner, represented by counsel, filed a Reply to Respondents' Answer to his Amended Petition for Writ of Habeas Corpus on April 2, 2026. *See* Reply. Petitioner filed an Application for Leave to file Reply late ("Application for Leave") on April 2, 2026, and the Court granted the Application for Leave the same day. Dkt. Nos. 15, 17.

On April 15, 2026, the matter was assigned to the undersigned for final disposition after the parties filed their joint consent. *See* Dkt. Nos. 20–23.

Petitioner filed a Notice of Changed Circumstances and Request for Expedited Consideration on April 22, 2026. Dkt. No. 24.

///

///

///

4

III.   **LEGAL STANDARD**

A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3). The statute does not require a person to be physically imprisoned to be in custody; rather, habeas relief is available where the person is subject to "restraints not shared by the public generally." *Jones v. Cunningham*, 371 U.S. 236, 240 (1963).

IV.   **DISCUSSION**

The Amended Petition claims that Petitioner's current detention violates the Fifth Amendment's Due Process Clause and the Administrative Procedure Act, and that Respondents acted ultra vires in violation of the *Accardi* doctrine.  *See* FAP ¶¶ 34–79.

Respondents argue in their Answer that Petitioner is not entitled to immediate release because he has not established that Respondents unlawfully revoked his parole. *See generally* Ans.  More specifically, Respondents argue that the Amended Petition does not establish a due process violation because Petitioner sets forth conclusory allegations and does not provide a document confirming his parole status. *Id.* at 3–4.   Respondents further assert that even if Petitioner establishes that Respondents unlawfully revoked his parole, immediate release is not the appropriate remedy, rather, the Court should provide a hearing where Petitioner can contest his detention. *Id.* at 5.

In his Reply, Petitioner argues that the Amended Petition establishes a due process violation because it alleges that Respondents detained Petitioner without notice or explanation.  Reply at 8.  Additionally, Petitioner attaches to his Reply Petitioner's Form I-94 Admission Record ("Admission Record").  Reply Ex. A. Petitioner explains that the Admission Record indicates that the government released him under 8 U.S.C. § 1182(d)(5)(A) because Petitioner's Admission Record confirms his class of admissions as "DT."  *Id*; *see* Reply at 8.  The Admission Record states

that Petitioner's parole terminated on July 18, 2025. *Id.*

For the reasons set forth below, the Court finds that Petitioner's detention is unlawful under the Fifth Amendment.

### A.    The Court has Jurisdiction

Petitioner argues that this Court has jurisdiction over the present action based on 28 U.S.C. § 2241 and 28 U.S.C. § 1331. FAP ¶ 11. Respondents do not contest this Court's jurisdiction over the Amended Petition.

As the Court has an obligation "to determine that [it has] jurisdiction before proceeding to the merits" of any case, it will first address whether it has jurisdiction over Petitioner's claims. *Lance v. Coffman*, 549 U.S. 437, 439 (2007); *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998).

Here, Petitioner seeks review of the legality of his detention. *See generally* FAP. Petitioner's due process claim challenges his re-detention, without any notice, any reasons given for the revocation, or any opportunity to argue why he should be permitted to remain at liberty. *See* FAP ¶¶ 39–44. Accordingly, as other courts in this Circuit have found in similar cases, the Court has jurisdiction to hear Petitioner's claims that his detention is unlawful under 28 U.S.C. § 2241. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1209 (9th Cir. 2022) (finding that the court would have jurisdiction under § 2241 to consider errors of law in immigration detention, including due process violations); *Hernandez v. Session*, 872 F.3d 976, 986 (9th Cir. 2017) (finding that the court had jurisdiction to hear constitutional claims about immigration detention under § 2241); *M.R. v. LaRose*, No. CV 25-3710 JLS (BLM), 2026 WL 40839, at *2 (S.D. Cal. Jan. 6, 2026) (similar); *Garcia v. Andrews*, No. CV 25-1884-TLN (SCR), 2025 WL 1927596, at *1 n.1 (E.D. Cal. July 14, 2025) (similar); *see also Walters v. Reno*, 145 F.3d 1032, 1052 (9th Cir. 1998) (concluding that § 1252(g) does not impose a jurisdictional bar to petitioner's claims regarding constitutional violations).

6

In sum, the Court has jurisdiction.

### B.        Petitioner's Re-Detention Violates Due Process

Petitioner argues his re-detention without notice, reasoning, and a pre-detention hearing violates his procedural due process rights. *See* FAP ¶¶ 39–44. The Court agrees with Petitioner.

"The Due Process Clause of the Fifth Amendment prohibits the Government from depriving individuals of their life, liberty, or property, without due process of law." *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). "It is well-established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993) (citation omitted). Due process protections includes noncitizens, "whether their presence here is lawful, unlawful, temporary, or permanent," and those subject to a final order of deportation. *Zadvydas v. Davis*, 533 U.S. 678, 693–94 (2001). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Id*. at 690. The Due Process Clause generally "requires some kind of a hearing before the State deprives a person of liberty or property." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990). Although the government may have discretion over the initial decision to detain or release a noncitizen, "the government's decision to release an individual from custody creates 'an implicit promise,' upon which that noncitizen may rely, that their liberty 'will be revoked only if [they] fail[ ] to live up to the . . . conditions [of release].'" *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)). "Thus, even when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody she has a protected liberty interest in remaining out of custody." *Pinchi*, 792 F. Supp. 3d at 1032 (citing *Romero v. Kaiser*, No. CV 22-20508, 2022 WL 1443250, at *2 (N.D. Cal. May 6, 2022)).

Petitioner's due process claim is analyzed "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." *Garcia v. Andrews*, No. CV 25-1884-TLN (SCR), 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (citing *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)). The Court analyzes each step in turn.

Here, Petitioner was released from Respondents' custody on parole on July 21, 2023, after Respondents determined that Petitioner was not a flight risk or danger to the community. FAP ¶ 2. Respondents do not argue that Petitioner violated the terms of his parole. *Id.*; *see generally* Ans. Petitioner contends that since his parole into the United States, he has obtained employment, "fully abided by all the instructions issued to him by Respondents," and attended all scheduled appointments. FAP ¶¶ 2, 15. Petitioner thus has a protected liberty interest in his continued freedom. *See M.R. v. LaRose*, No. CV 25-3710 JLS (BLM), 2026 WL 40839, at *2 (S.D. Cal. Jan. 6, 2026) (finding the petitioner had a protected liberty interest in remaining out of custody where she was determined not to be a danger to the community or a flight risk, was released, and complied with all conditions of her release); *Noori v. LaRose*, No. CV 25-1824-GPC (MSB), 2025 WL 2800149, at *10 (S.D. Cal. Oct. 1, 2025) ("Petitioner is not an 'arriving' noncitizen but one that has [been] present in our country for over a year. This substantial amount of time indicates he is afforded the Fifth Amendment's guaranteed due process before removal.").[2]

---

[2] The Admission Record Petitioner attaches to his Reply indicates that Petitioner's parole expired on July 18, 2025. *See* Reply Ex. A. Although Respondents re-detained Petitioner before his parole terminated, the Court notes that Petitioner retains his protected liberty interest because his "liberty interest did not expire along with his parole." *Omer G.G. v. Kaiser, et al.*, No. CV 25-1471-KES (SAB), 2025 WL 3254999, *5 (E.D. Cal. 2025); *Rodriguez Cabrera v. Mattos*, No. CV 25-1551-RFB (EJY), 2025 WL 3072687, *11 (D. Nev. 2025) (finding that petitioner's "liberty

8

Given Petitioner's protected liberty interest, the Court must determine what procedural protections are due to protect that liberty interest. *See Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). This requires balancing the three factors the Supreme Court set forth in *Mathews*. Courts must consider: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the [g]overnment's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Id*.

With respect to the first factor, Petitioner has a substantial private interest in remaining out of immigration custody. Petitioner gained a liberty interest in his continued freedom when he was initially released on parole. Prior to his recent detention, Petitioner had been out of custody for nearly two years, and during that time, established a life in the United States, obtained employment, and complied with the terms of his parole. His detention denies him that freedom. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025) ("The Supreme Court has repeatedly recognized that individuals who have been released from custody, even where such release is conditional, have a liberty interest in their continued liberty." (citation omitted)); *see also Ramirez Tesara v. Wamsley*, No. CV 25-1723-MJP (TLF), 2025 WL 2637663, *3 (W.D. Wash. 2025) (finding that "[c]ontrary to Respondents' arguments, this private interest did not expire along with Petitioner's parole agreement"); *Mody v. Warden*, No. CV 25-3400-FMO (RAO), 2026 WL 51976, at *6 (C.D. Cal. Jan. 5, 2026) (similar). The Court thus finds that Petitioner has a significant private interest in his continued liberty, and accordingly, the first *Mathews* factor favors Petitioner.

---

interest is particularly strong given his initial release from detention in 2022, and the fact that Respondents did not seek his return to custody upon the expiration of his parole in December 2022, or in the three years since.").

With respect to the second factor, the risk of erroneous deprivation is significant because Respondents re-detained Petitioner without providing advance notice or a pre-detention hearing. FAP ¶¶ 2–4, 18; Reply at 8. Respondents have presented no evidence that Petitioner became a flight risk or posed a danger to the community before he was re-detained. *See generally* Ans. It is undisputed that Petitioner has complied with the terms of his parole. By revoking Petitioner's parole without first determining whether circumstances had changed, Respondents generated a substantial risk of wrongful deprivation. *See Pinchi*, 792 F. Supp. 3d at 1035 (finding the risk of erroneous deprivation was significant where neither party "had an opportunity to determine whether there is any valid basis for [the petitioner's] detention"); *see also Juarez Fernandez v. Semaia*, No. CV 25-3412-SPG (MBK), 2026 WL 136229, at *6 (C.D. Cal. Jan. 13, 2026) (noting post-deprivation relief could result in the petitioner's indefinite detention "without any process"); *Ramirez Tesara*, 2025 WL 2637663, at *4 (finding that petitioner—who was re-detained months after the expiration of his parole—"should be released and only re-detained after a hearing in front of an immigration judge"). The second *Mathews* factor thus weighs in Petitioner's favor because the risk of erroneous deprivation of Petitioner's liberty is high.

With respect to the third factor, Respondents' interest in re-detaining Petitioner without notice, reasoning, and a pre-detention hearing is low. Respondents have identified no legitimate interest that would support the re-detention of Petitioner despite the previous finding that he is not dangerous or a flight risk. Further, Respondents do not identify any fiscal or administrative burdens on the government that a pre-detention hearing would entail. The Court finds that the Respondents' interest in re-detaining Petitioner without providing him with notice and a pre-detention hearing is minimal because the effort and cost required to provide Petitioner with those procedural safeguards is minimal. *See Doe v. Becerra*, 787 F. Supp. 3d

1083, 1094 (E.D. Cal. 2025). The third *Mathews* factor weighs in Petitioner's favor.

On balance, the *Mathews* framework weighs strongly in favor of Petitioner. In light of the profound liberty interest at stake, the high risk of erroneous deprivation, and Respondents' failure to show a significant interest in Petitioner's detention, Petitioner is entitled to more process than he received. *See Mathews*, 424 U.S. at 335.[3] Respondents argue that the appropriate remedy is providing Petitioner a bond hearing rather than ordering Petitioner's release. Ans. at 5. The Court is not persuaded. Providing Petitioner with a bond hearing will not redress the constitutional violation Petitioner has suffered in being re-detained without notice, reasoning, and a pre-detention hearing. *Cf. Esmail v. Noem*, No. CV 25-08325-WLH (RAO), 2025 WL 3030590, at *6 (C.D. Cal. Sep. 12, 2025) ("Providing Petitioner an interview *ex post* facto, while keeping him detained in ICE's custody, would not remedy the apparent constitutional violation that Petitioner has suffered in being re-detained without any measure of due process."). Having concluded that Petitioner is entitled to more process than he was provided, the Court grants the Amended Petition in part and will order Petitioner's immediate release. *See Mumaev v. Semaia*, No. CV 25-3409-FLA (MAR), 2026 WL 530765, at *7 (C.D. Cal. Feb. 20, 2026) (finding that petitioner was entitled to release because petitioner's re-detention violated his procedural due process rights); *Sotomayor v. Bondi*, No. CV 25-2939-CV (SSC), 2025 WL 3691398, at *7 (C.D. Cal. Nov. 14, 2025) (concluding that the petitioner's immediate release from custody was the appropriate relief where the petitioner was re-detained without due process); *Medrano-Rocha v. Santacruz*, No. CV 26-404-KK (AGR), 2026 WL 411355, at *7 (C.D. Cal. Jan. 23, 2026) (similar). The Court also enjoins Respondents from re-detaining Petitioner in a manner that is inconsistent with its regulations, the Constitution, and the laws of the United States.

---

[3] The Court declines to address Petitioner's remaining claim because the Amended Petition can be resolved on due process grounds.

11

## V.   **ATTORNEY'S FEES**

Petitioner requests costs and reasonable attorney's fees in this action.  *See* FAP at 24.   The Court will consider an application requesting costs and reasonable attorney's fees under the Equal Access to Justice Act that is filed within thirty days of final judgment in this action.  *See* 28 U.S.C. § 2412(d)(1)(B).

## VI.   **CONCLUSION**

For the foregoing reasons, Petitioner's Amended Petition for a writ of habeas corpus is **GRANTED IN PART**.  IT IS HEREBY ORDERED THAT:

- Respondents are ORDERED to immediately release Petitioner from their custody;
- Respondents are ENJOINED from re-detaining Petitioner in a manner inconsistent with their regulations, the Constitution, and the laws of the United States; and
- Respondents are ORDERED to file a status report substantiating compliance with this Order by April 30, 2026.

IT IS SO ORDERED.

DATED: April 28, 2026

Rozella a. Oliver

_____
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE