UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:26-cv-0206-RAO Date: September 1, 2026
Title: Akhmed Bekhoev v. David Marin et al.

---

Present: The Honorable **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| C. Delgado | N/A |
|---|---|
| Deputy Clerk | Court Reporter/Recorder: N/A |
| Attorneys Present for Petitioner: | Attorneys Present for Respondents: |
| N/A | N/A |

**Proceedings:** (In Chambers) **ORDER DENYING EX PARTE MOTION TO ENFORCE COURT'S APRIL 28, ORDER [28] [42]**

## I. INTRODUCTION

Pending before the Court is Petitioner's Emergency Ex Parte Application to Enforce the Court's April 28, 2026 Order ("Application"). Dkt. No. 28. Because Petitioner has not established that Respondents re-detained him in a manner inconsistent with the Court's prior order, the Application is DENIED.

## II. PROCEDURAL BACKGROUND

On April 28, 2026, the Court issued an order Granting in Part Amended Petition for Writ of Habeas Corpus ("Order) and issued judgment the same date. Dkt. Nos. 25-26. The Order provided as follows:

- Respondents are ORDERED to immediately release Petitioner from their custody;
- Respondents are ENJOINED from re-detaining Petitioner in a manner inconsistent with their regulations, the Constitution, and the laws of the United States;
- Respondents are ORDERED to file a status report substantiating compliance with this Order by April 30, 2026.

Dkt. No. 25 at 12.

Petitioner was released from custody on April 28, 2026, in accordance with the Court's order. *See* Dkt. No. 27.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | 5:26-cv-0206-RAO | Date: | September 1, 2026 |
| Title: | Akhmed Bekhoev v. David Marin et al. | | |

On May 4, 2026, Petitioner was re-detained by immigration authorities. *See* Dkt. No. 31-1 (Declaration of Charles R. Shields ("Shields Decl."), ¶ 17 ). The same date, Petitioner filed the instant Application. Dkt. No. 28. The Application contends that Respondents re-detained Petitioner in violation of the Order and asks the Court to issue an order to show cause why Respondents should not be held in civil contempt. *See generally* Dkt. No. 28. The Court set a briefing schedule and directed that Petitioner not be removed from the District pending further order of the Court. On May 8, 2026, Respondents filed an Opposition to the Application. Dkt. No. 31 ("Opp'n"). And on May 11, 2026, Petitioner filed his Reply. Dkt. No. 32 ("Reply"). On May 19, 2026, Petitioner filed a notice of changed circumstances. Dkt. No. 33. On May 22, 2026, the Court issued an order stating that briefing had been completed and the Court takes the matter under submission. Since then, Petitioner has filed numerous requests for rulings on the Application, the most recent such request being filed on September 1, 2026. *See* Dkt. No. 42 (Fourth Request for Ruling on Emergency Ex Parte Application to Enforce the Court's April 28, 2026 Order).

**III. DISCUSSION**

In their Opposition, Respondents set out a timeline of events that occurred after Petitioner's April 28, 2026 release from custody:

- On May 4, 2026, Immigration and Customs Enforcement ("ICE") found that circumstances did not warrant continuing Petitioner's parole and issued a letter terminating parole under 8 C.F.R. § 212.5(e)(2)(i) ("parole shall be terminated upon written notice to the alien"). *See* Shields Decl. ¶¶ 13-14; *see also* Dkt. No. 31-2 (Ex. A, "Termination of Parole Letter"). The Termination of Parole Letter set forth the reasons for terminating Petitioner's parole.
- The Termination of Parole Letter, along with a Form I-200, Warrant for Arrest of Alien, were served on Petitioner on May 4, 2026. *See* Shields Decl. ¶ 17; Dkt. No. 31-3, (Ex. B, Warrant for Arrest).
- On May 4, 2026, the date Petitioner was taken into custody, ICE provided Petitioner with an informal interview to contest the charges. *See* Shields Decl. ¶ 18; see also (Ex. C, "Alien Informal Interview Record").

In the Application, Petitioner states that Respondents took him "into custody without advance notice…again provided no statement of reasons…again denied him an opportunity to respond…again failed to provide the informal interview required by 8 C.F.R. § 241.4(l)(1)."

Application at 3. The Court finds that the factual record before it does not support Petitioner's contentions.

First, Petitioner was provided with a Termination of Parole Letter dated May 4, 2026, notifying him of his parole termination. Along with the Termination of Parole Letter, ICE served Petitioner with the Warrant for Arrest. The certificate of service on the Warrant for Arrest shows that it was served on Petitioner on May 4, 2026. Contrary to Petitioner's allegation, he was provided an informal interview under 8 C.F.R. §§ 241(l) and 241.13(i). The Alien Informal Interview Record memorializes Petitioner's oral response at that interview.

Second, as noted above, Petitioner was taken into custody pursuant to an administrative arrest warrant, dated May 4, 2026, which sets forth the basis for believing Petitioner is removable. Section 1226 authorizes the arrest and detention of a noncitizen pending a decision on removal if a warrant has been issued. *See* 8 U.S.C. § 12226(a). It also authorizes the revocation of parole and the rearrest and detention of a noncitizen. 8 U.S.C. § 1226(b). Petitioner asserts that immigration authorities were required to provide him with advance notice prior to re-detaining him. *See* Reply at 3. The Court disagrees. The arrest warrant, the validity of which Petitioner does not contest, permitted immigration authorities to take Petitioner into custody directly.

In sum, the Court concludes on this record that Petitioner has not established that he was re-detained in a matter that violated the Court's prior order. Petitioner's request for an order to show cause re: civil contempt is denied.

## IV. CONCLUSION

For the reasons set forth above, the Application is DENIED. Further, Petitioner's Fourth Request for Emergency Ex Parte Application to Enforce the Court's April 28, 2026 is also DENIED.

**IT IS SO ORDERED.**